**[Cite as *State v. Evans*, 2021-Ohio-732.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-41 |
| | : | |
| RICKY THOMPSON EVANS, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of March, 2021.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

K. GEORGE KORDALIS, Atty. Reg. No. 0089697, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Ricky Thompson Evans, Jr., appeals his convictions resulting from guilty pleas to four charges: aggravated possession of drugs; operating a vehicle while under the influence (OVI); and two counts of identity fraud. He was sentenced to an aggregate 22 months in prison. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and asking permission to withdraw as counsel. On November 16, 2020, we notified Evans that his counsel had found no meritorious claims to present on appeal and granted Evans 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

{¶ 2} The background of the case is as follows: An Urbana police officer was flagged down on February 9, 2020, by a woman who reported that a bank card was left in an ATM. The officer saw Evans coming from the bank and asked him if the card was his. He said it was. He was unable to provide identification. Further investigation revealed the owner of the card was deceased. Evans was found to have another debit card of another person and evidence of a transaction for that account. He later admitted he made a false deposit of $300 with that card by submitting an envelope that did not contain a deposit. He then withdrew $300. The police also found methamphetamine and a syringe containing methamphetamine in his car. Evans's eyes were red, his pupils were dilated, and he was slurring his words. He failed standard field sobriety tests and refused a urine test.

{¶ 3} Evans was indicted on eight counts on March 2, 2020. With a negotiated plea agreement, he pled guilty to aggravated possession of drugs, a fifth-degree felony; OVI,

an unclassified misdemeanor; and two counts of identity fraud, both fifth-degree felonies, in exchange for dismissal of three more counts of felony identity fraud and one misdemeanor drug instrument charge; the State also agreed not pursue other drug-related charges or additional identity theft charges. On April 14, 2020, the trial court conducted a complete and thorough Crim.R. 11 colloquy. Evans knowingly, intelligently and voluntarily pled guilty to the charges.

{¶ 4} A presentence investigation (PSI) was ordered and the case came before the court for sentencing on May 13, 2020. The PSI indicated that Evans had multiple prior felonies and multiple misdemeanors, failures at prior supervision, and several prior prison terms. The record reveals the court considered the purposes and principles of sentencing and included those considerations in its judgment entry of conviction. Evans was sentenced to 9 months in prison on the drug charge, 6 months in jail on the OVI charge, and 11 months in prison on each of the identity fraud charges. The sentences for identity fraud were made consecutive to each other at sentencing after the court made the statutory findings required for consecutive sentences under R.C. 2929.14(C)(4). The court included those findings in the judgment entry. The remaining sentences were ordered to be served concurrently, resulting in an aggregate sentence of 22 months. Evans was correctly advised about post-release control.

{¶ 5} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). A frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v.*

*Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2003-Ohio-6078. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Id.* at ¶ 7, citing *Pullen*.

{¶ 6} We have conducted our independent review of the record under *Penson*, and we agree with appellate counsel that there are no non-frivolous issues for review. Consequently, we affirm the trial court's judgment.

### Potential assignments of error

{¶ 7} In the *Anders* brief, Evans's appointed appellate counsel, without specific argument, requests that this court review two "potential assignments of error:" 1) whether the trial court failed to comply with Crim.R. 11 when accepting Evans's plea, and 2) whether the trial court erred in sentencing Evans to 22 months in prison and by making parts of the sentence consecutive.

{¶ 8} The sentencing transcript reveals the trial court scrupulously conducted a thorough and complete Crim.R. 11 plea hearing. Evans acknowledged that he understood his rights, the charges and the plea agreement. There is no simply evidence to the contrary. The trial court concluded that Evans knowingly, voluntarily, and intelligently waived his rights and entered his pleas. The record unquestionably supports that conclusion. Any argument to the contrary is frivolous

{¶ 9} In regard to a potential assignment of error about Evans's prison sentences, nothing in the record suggests that the sentences were contrary to law. We have repeatedly ruled that, based upon the language of R.C. 2953.08(G)(2), when a sentence is not contrary to law, we may only vacate or modify a felony sentence if we find by clear

and convincing evidence that the record does not support the sentence. *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, citing *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231. Here, given the Evans's prior convictions and prior prison sentences and his failures at prior supervision, there is simply no reasonable argument that the trial court's sentence was clearly and convincingly contrary to the record. Moreover, the trial court made the consecutive sentence findings required by R.C. 2929.14(C)(4) at the sentencing hearing and included those findings in its judgment entry. Those findings were supported by the record. Any potential assignment of error about Evans's sentences is frivolous.

### {¶ 10}   *Anders* **Review**

{¶ 11} We also have performed our duty under *Anders* to conduct an independent review of the record. Our review included scrutiny of the entire record, including the docketed filings, the PSI report, and the plea and sentencing hearing transcripts. We have found no error and no non-frivolous issues for review.

{¶ 12} We grant counsel's request to withdraw from representation and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Kevin Talebi
K. George Kordalis
Hon. Nick A. Selvaggio